[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2006
THOMAS K. KAHN
CLERK

No. 05-15245
Non-Argument Calendar

_____

D. C. Docket No. 04-00341-CV-T-24-TGW

MICHAEL CLEVESTER CANADY,

Petitioner-Appellant,

versus

DUFFIE HARRISON,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 12, 2006)

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Michael Clevester Canady, a Florida state prisoner, appeals pro se the denial of his federal habeas corpus petition, pursuant to 28 U.S.C. § 2254. Canaday enumerated four grounds of relief to the district court, each of which the district court denied. We granted a certificate of appealability ("COA") on a related issue, and, having considered the issue, we AFFIRM the district court's judgment.

## I. BACKGROUND

Canady filed this pro se petition for habeas relief, brought pursuant to § 2254 and alleged, inter alia, that counsel was ineffective for (1) failing to file a motion to suppress evidence obtained as a result of an allegedly forged consent-to-search/waiver-of-search warrant form, and (2) failing to file a motion to suppress evidence obtained as a result of unlawful entry by law enforcement officers. According to exhibits from the state trial court that are included in the record on appeal, Canady was charged by information with one count each of (1) possession of cannabis with intent to sell, manufacture, or deliver within 200 feet of a public housing facility; (2) burglary of a structure; and (3) being a felon in possession of a firearm. Charges (1) and (2) were nolle prossed.

At trial, a Tampa police officer testified that he arrested Canady after police were summoned to remove a trespasser from an apartment managed by the Tampa

Housing Authority. After a representative of the housing authority let police officers into the two-story apartment, Canady appeared and the officers ordered him to collect his belongings and leave. An officer followed Canady to an upstairs bedroom, and Canady signed a consent form, allowing the officers to search his belongings. The officer then found a loaded .45 caliber handgun, after spotting its holster in plain view. At trial, Canady argued that his signature on the consent-to-search form had been forged. Following the jury trial, Canady was convicted of being a felon in possession of a firearm and sentenced to 15 years of imprisonment.

On direct appeal, Canady contested the trial court's determination that he had constructive possession of the weapon. His conviction was affirmed. Canady then sought state habeas relief and alleged various claims related to ineffective assistance of counsel. Concluding that Canady's trial counsel had not been ineffective, the state habeas court denied Canady's petition on the merits. Canady appealed his state habeas denial, which subsequently was affirmed. Canady then filed this habeas petition, pursuant to § 2254, seeking relief from the state court conviction and arguing that his trial counsel had been ineffective.

The district court denied Canady's petition. The district court noted that Canady's claims were essentially based on an alleged violation of his Fourth

Amendment rights and that Stone v. Powell, 428 U.S. 465, 96 S. Ct. 3037 (1976), barred review of Fourth Amendment claims that had been fully litigated in state court.  In rejecting Canady's claims, however, the district court extensively quoted the state's response to Canady's state postconviction notice, which the state court had adopted.  The quoted passages explained that Canady failed to demonstrate that his trial counsel was ineffective under the standards set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).  The district court concluded that Canady could not establish that the rulings of the state court were contrary to or an unreasonable application of clearly established Supreme Court law under Strickland and, thus, that he was not entitled to federal habeas relief.

We granted a COA as to the following issue only:

Whether the district court erred by finding barred from federal review, pursuant to Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052, 146 L.Ed.2d 542 (1976), appellant's claims that counsel was ineffective for failing to move to suppress (a) any evidence obtained as a result of an allegedly forged consent-to-search form and (b) evidence obtained as a result of unlawful entry by law enforcement officers?

Canady v. Harrison, No. 05-15245 (11th Cir. Dec. 22, 2005).  Canady argues that the district court erred in finding that his claims were barred from review pursuant to Stone, because he did not raise any pure Fourth Amendment claims in his habeas petition.  Specifically, he argues that Stone does not apply to bar review of

4

Sixth Amendment claims based on ineffective representation with respect to a Fourth Amendment issue.

## II. DISCUSSION

We review a district court's denial of a § 2254 habeas petition de novo. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005). Factual findings are reviewed for clear error. Id. Mixed questions of law and fact are reviewed de novo. Id.

A federal court cannot entertain a Fourth Amendment claim brought by a habeas petitioner attacking his state conviction if the petitioner had an opportunity for full and fair consideration of that claim in the state courts. Stone, 428 U.S. at 494, 96 S. Ct. at 3052. The Supreme Court , however, has declined to extend the Stone rationale to bar ineffective assistance of counsel claims under the Sixth Amendment involving underlying Fourth Amendment issues. See Kimmelman v. Morrison, 477 U.S. 365, 382–83, 106 S. Ct. 2574, 2587 (1986). Federal courts may grant habeas relief for counsel's ineffectiveness in appropriate cases, "regardless of the nature of the underlying attorney error." Id. at 383, 106 S. Ct. at 2587.

Although the district court observed that any claim based on an violation of

Canady's Fourth Amendment rights would be barred by <u>Stone</u>, it did not conclude that his claims for ineffective assistance of counsel were barred. To the contrary, the record indicates that the district court analyzed the merits of Canady's Sixth Amendment claims and extensively quoted the state court's reasoning and analysis in determining that his claims for ineffective assistance of counsel did not warrant habeas relief. That reasoning was based on <u>Strickland</u>, which is the proper constitutional standard to apply.

As such, we determine that the district court did not err because it did not apply <u>Stone</u> as a bar to Canady's claim. We conclude that there is no error arising from the district court's order pursuant to the issue upon which we granted a COA. We do not review the merits of Canady's Sixth Amendment claim because they are outside of the scope of the COA.

### III.  CONCLUSION

Canady appealed the denial of his § 2254 federal habeas corpus petition. We granted a COA on one issue and now conclude that issue does not present a constitutional error warranting reversal. Because the district court did not use <u>Stone</u> to bar Canady's claim for ineffective assistance of council, we **AFFIRM**.

6